**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOHN J. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-05-674-L |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

John J. Smith ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by filing applications seeking disability insurance benefits and supplemental security income payments in July, 2003 [Tr. 48 - 50 and 290 - 292]. He alleged that limitations from an on-the-job injury became disabling as of February 5, 2002 [Tr. 74]. Plaintiff's claims were denied initially and upon reconsideration [Tr. 37 - 39, 41 - 42 and 295 - 296]; at Plaintiff's request, an Administrative Law Judge ("ALJ") conducted a November, 2004, hearing where Plaintiff,

who was represented by a disability claim representative, and a vocational expert testified [Tr. 302 - 345].  In his December, 2004, decision the ALJ found that Plaintiff was not disabled because he was able to perform work existing in significant numbers in the national economy [Tr. 16 - 23].  The Appeals Council of the Social Security Administration declined Plaintiff's review request, and Plaintiff subsequently sought review of the Commissioner's final decision in this court [Tr. 7 - 10].

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial.  "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  See 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Plaintiff bears the initial burden of proving that he has one or more severe impairments.  20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  Where Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *Turner,* 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).  In this case, the ALJ determined that Plaintiff could not perform his past work and, therefore, continued the inquiry through the fifth step.

**Plaintiff's Claims of Error**

Plaintiff makes five claims of error: 1) the ALJ committed legal error by failing to properly evaluate the opinions of Plaintiff's treating physician, Dr. Kang; 2) the ALJ's credibility determination is tainted by legal error and is unsupported by substantial evidence; 3) the ALJ erred by failing to order a consultative psychological examination; 4) the ALJ's finding that Plaintiff has no severe mental impairments lacks evidentiary support as does the residual functional capacity ("RFC")[1] assessment because it lacks mental restrictions, and 5) the ALJ erred by failing to include any limitations relating to Plaintiff's hand impairments in the RFC.  The Commissioner, in turn, argues that 1) any

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. §§ 405.1545 (a) (1), 416.945 (a) (1).

error committed by the ALJ in failing to evaluate the opinions of Dr. Kang under the treating physician rule is harmless; 2) the ALJ properly evaluated the credibility of Plaintiff's subjective complaints; 3) no consultative psychological examination was required; 4) the ALJ properly determined that Plaintiff's mental impairments were not severe, and 5) the ALJ did not err in concluding that Plaintiff's hand impairments were not severe.

As will be set out in detail below, reversal and remand of this matter is recommended primarily because Tenth Circuit precedent does not permit this court to engage in the fact-finding necessary to rectify, under the doctrine of harmless error, the ALJ's failure to properly evaluate the opinion of a treating physician.  Because proper consideration of the treating physician's opinions at a new hearing and the introduction of additional evidence could impact both a credibility analysis and the need for further psychological evaluation, these claims of errors will not be specifically addressed.  The following discussion of the evidence and of the ALJ's decision will, consequently, be limited to the issues raised by the treating physician's opinion.

**The ALJ's Decision and Evaluation of the Treating Physician's Opinion**

Plaintiff – forty-six years old with a limited education and past relevant work as a mover and van driver – injured his knee in a work-related accident in February, 2002 [Tr. 21 and 113 - 114]. Following surgery and a period of rehabilitation, he returned to work on lighter duty and, in November, 2002, was once again injured, this time sustaining injuries to his back [Tr. 115 - 116, 122, 123 - 134, 139 - 145, and 146 - 150]. He has not returned to work since the more recent accident; he has undergone physical

therapy and has been seen by a number of physicians who have given various opinions on his work-related limitations [Tr. 275 - 280].

The ALJ summarized each of the medical records and evaluations, including those of Bobby Kang, D.O., Plaintiff's treating physician:[2]

> On March 18, 2004, Bobby Kang, D.O., provided an assessment of the claimant's ability to perform work-related physical activities. Dr. Kang has examined and treated the claimant. Dr. Kang's treatment notes indicate that he was diagnosed as having degenerative disc disease, arthritis, carpal tunnel syndrome, and hypertension. As of December 2003, swelling was noted in the claimant's hands. In Dr. Kang's assessment of the claimant's physical capacity, he purportedly is limited to lifting twenty to thirty pounds. In addition, Dr. Kang opined that the claimant could walk for about four hours and sit for two to three hours. Dr. Kang further concluded that the claimant is unable to use his hands on a frequent basis.

[Tr. 19, record references omitted].

The ALJ made no further reference to either Dr. Kang or to his opinions in the hearing decision. Neither did the ALJ, in relating Plaintiff's testimony at the hearing, mention Plaintiff's rather extensive testimony regarding his painful hands [Tr. 324 - 326]. Finding that "the medical opinions discussed above tend to support the conclusion that the claimant retains the capacity for standing, walking and sitting without any significant limitation," the ALJ concluded that Plaintiff had the RFC to lift/carry/push/pull twenty pounds while avoiding prolonged bending, kneeling or stooping [Tr. 20].

**The Treating Physician Rule**

Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical

---

[2] The Commissioner does not dispute Dr. Kang's status as a treating physician [Doc. No. 24, p. 6].

opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an ALJ when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. *Watkins,* 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." *Id.* If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins,* 350 F.3d at 1300. Once the ALJ determines that a treating source opinion is not entitled to controlling weight, he must consider the weight he does give to such opinion and, if he rejects the opinion completely, he must offer specific and legitimate reasons for so doing. *Id.* at 1300-1301; SSR 96-2p, 1996 WL 374188, at *4; *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996).

Here, as Plaintiff argues, it is apparent that the ALJ did not conduct the required analysis of Dr. Kang's opinions in the written decision. The Commissioner, while not

denying this fact, maintains, instead, that "if the ALJ committed any error in not specifically weighing Dr. Kang's opinions, such error was harmless because there were valid reasons to reject these opinions." [Doc. No. 24, p.3]. As authority for her contention, the Commissioner relies on the Tenth Circuit's determination in *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004) that "it . . . may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."

The Commissioner then suggests that under a proper treating physician analysis Dr. Kang's opinions were subject to rejection because they "conflicted with the opinions of other examining and treating physicians in the record." [Doc. No. 24, p. 4]. In approximately eight pages of briefing, the Commissioner details the various reports of the other physicians, demonstrating the conflict with the opinions of Dr. Kang and further alleging that Dr. Kang's opinions are not supported by medically acceptable clinical and laboratory findings [Doc. No. 24, pp. 4 - 11]. Through this approach, the Commissioner is inviting the court to comb through each of these reports and to take on the role of adjudicator, making factual findings and legal conclusions about the weight that should be ascribed to Dr. Kang's opinions. This is the very activity the *Allen* court cautioned against: "usurping the administrative tribunal's responsibility to find the facts" and rendering, "to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ," a "post hoc justification of administrative action."

*Allen,* 357 F.3d at 1145.

Apart from engaging in prohibited "judicial factfinding," *id.*, there is a separate reason why this court cannot make the determination sought by the Commissioner, i.e., that Dr. Kang's opinions would have been rejected by any reasonable adjudicator considering the same evidence.  The presiding ALJ did *not* completely reject all of Dr. Kang's opinions but chose to adopt Dr. Kang's diagnosis of carpal tunnel syndrome, stating that he did so because such impairment had, in fact, been established by objective medical evidence:

> In order to be found disabled, the claimant must have a medically determinable impairment that is severe.  To be "severe," an impairment must affect the claimant's physical or mental work-related activities more than minimally.  20 C.F.R. §§ 404.1521, 416.921.  A severe impairment must be established by objective medical evidence, including signs and laboratory findings.  20 C.F.R. §§ 404.1512, 416.912.  As variably described within the medical evidence, the claimant's degenerative disc disease of the lumbar spine, degenerative right knee status post surgery, arthritis, *carpal tunnel syndrome,* gastritis, obesity, and hypertension, are "severe" by Social Security definition.

[Tr. 17, emphasis added].

Moreover, because the ALJ *did* find that Plaintiff's carpal tunnel syndrome was severe,[3] he necessarily found that such impairment significantly limited Plaintiff's ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  Having made such finding, however, the ALJ failed to include – or to explain why he was excluding – any resulting limitations or restrictions in Plaintiff's RFC.  Consequently, in addition to having failed to conduct the requisite treating physician evaluation of Dr. Kang's opinions, the ALJ's

---

[3] It cannot be determined from the record whether the ALJ gave consideration to the argument advanced on appeal by the Commissioner [Doc. No. 24, pp. 18 - 19] that Plaintiff's carpal tunnel syndrome did not meet the twelve month duration requirement.  *See* 20 C.F.R. §§ 404.1509, 416.909.

RFC assessment – an assessment that includes no restrictions from an impairment that limits Plaintiff's ability to work – is not supported by substantial evidence. Accordingly, it is recommended that the ALJ's decision be reversed and the matter remanded for further proceedings.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by June 12, 2006, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of May, 2006.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE